# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

Lyle W. Cayce
Clerk

No. 12-50489
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CODY HUMBERTO LESTER-OCHOA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-156-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

For the first time on appeal, Cody Humberto Lester-Ochoa (Lester) asserts that his 51-month guidelines sentence for illegal reentry is substantively unreasonable. He argues that his sentence was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) and that the Guidelines failed to account for factors that suggest a lesser sentence would be appropriate, such as the remoteness of his criminal history, his motive for returning to the United States, and the length of his prior sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although we ordinarily review sentences for reasonableness under an abuse-of-discretion standard, we review here for plain error because Lester did not object to the reasonableness of his sentence in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Lester also asserts that a presumption of reasonableness should not apply to his within guidelines sentence because the illegal reentry guideline is not supported by empirical data, but he recognizes that this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

At sentencing, the district court court recited the applicable guidelines calculations and range, and it adopted the PSR in its written Statement of Reasons. The district court also heard Lester's allocution and his arguments for a lesser sentence. Lester has not shown that his sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, he has failed to rebut the presumption that his guidelines sentence is substantively reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.